```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
ROBIN KLOTZ,                                                     :
                                                                 :
                              Plaintiff,                         :
                                                                 :   07 Civ. 1734 (GEL)
             -v-                                                 :
                                                                 :   OPINION AND ORDER
XEROX CORPORATION, SHPS INC.,                                    :
SHPS HUMAN RESOURCE SOLUTIONS, INC.,                             :
SHPS HEALTH MANAGEMENT SOLUTIONS,                                :
INC., and THE PRUDENTIAL INSURANCE                               :
COMPANY OF AMERICA,                                              :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------x
```

Samuel E. Kramer, New York, NY, for plaintiff.

Norman Tolle, Rivkin Radler LLP, Uniondale, NY, for defendants.

GERARD E. LYNCH, District Judge:

      Plaintiff Robin Klotz, an employee of defendant Xerox Corporation ("Xerox"), filed this action alleging that defendants SHPS, Inc., SHPS Human Resource Solutions, Inc., and SHPS Health Management Solutions, Inc., unlawfully terminated her disability benefits under the "Xerox Long Term Disability Income Plan" (the "LTD Plan").[1]  (Compl. ¶¶ 4, 9.)  Citing a forum selection clause in the LTD Plan, defendants move pursuant to Fed. R. Civ. P. 12(b)(3)

---

[1] Plaintiff's disability benefits under the LTD Plan included monthly disability income paid by defendant Prudential Insurance Company of America, as well as medical and dental insurance furnished by United Healthcare Services, Inc. ("United") and Metropolitan Life Insurance Company ("MetLife").  (Compl. ¶¶ 13, 14.)  United and MetLife are not parties to this action.

and 28 U.S.C. § 1406(a) to dismiss for improper venue, or in the alternative, to transfer the case to the United States District Court for the Western District of New York.[2]  The motion to transfer will be granted.

## DISCUSSION

I.      Enforceability of Forum Selection Clauses

The Xerox LTD Plan is an "employee welfare benefit plan" within the meaning of § 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).  (See Compl. ¶ 121.)  As required by ERISA § 402(a), 29 U.S.C. § 1102(a), the terms of the LTD Plan are set out in an official plan document ("LTD Plan Document").  Section 7.14 of the LTD Plan Document states:

> Restriction of Venue.  Any action in connection with the Plan by
> an Employee or beneficiary may only be brought in Federal
> District Court in Monroe County, New York.

(Becker Aff. Ex. A, at 12.)  Monroe County is located in the Western District of New York.  See 28 U.S.C. § 112.  Accordingly, the LTD Plan expressly designates the United States District Court for the Western District of New York as the exclusive forum for "[a]ny action in connection with the Plan by an Employee."  (Becker Aff. Ex. A, at 12.)

The Second Circuit recently instructed that the determination of whether to enforce a forum selection clause involves a four-part analysis:

---

[2] Although defendants' motion papers request transfer specifically to the "Rochester Division" of the United States District Court for the Western District of New York (D. Mem. 2), Congress has not created such a subdivision.  See 28 U.S.C. § 112; see also 14D C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3808, at 270 (3d ed. 2007) ("In creating judicial districts, Congress subdivided many, but far from all, of them into divisions.").

> The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are required to bring any dispute to the designated forum or simply permitted to do so. Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause.
>
> If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."

Phillips v. Audio Active Ltd., 494 F.3d 378, 383-84 (2d Cir. 2007) (citations omitted), quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).

    A.    <u>Presumptive Enforceability</u>

Plaintiff does not seriously allege that Xerox failed to "reasonably communicate[]" the forum selection clause to her. Id. at 383. Although plaintiff, who is represented by counsel, asserts that Xerox should not require its employees, many of whom live hundreds of miles from New York, to discern which federal district court has jurisdiction over Monroe County (P. Mem. 13), that argument is a mere quibble over draftsmanship. The LTD Plan Document, which was provided to plaintiff, clearly conveys to any reader that any action regarding the plan must be brought in a specific court, and the location of that court is readily ascertainable from ordinary reference materials in any public library, let alone to any lawyer. Thus, the forum selection clause in Section 7.14 of the LTD Plan Document reasonably conveyed to plaintiff that venue for her lawsuit is restricted to the Western District of New York.

With regard to step two of the enforceability inquiry, plaintiff contends that the language employed in the forum selection clause — specifically, the use of the words "may only" instead of "shall" — creates an ambiguity as to whether the clause is mandatory or merely permissive. (P. Mem. 11.) "Only" means "exclusively, solely." Webster's Third New International Dictionary 1577 (2002). The plain meaning of the words "may only" thus unequivocally evinces the mandatory nature of the clause contained in the LTD Plan Document.[3]

Plaintiff raises no challenge to the scope of the forum selection clause, nor could she, since the expansive language of the provision — covering "[a]ny action in connection with the Plan by an Employee" — plainly encompasses her claims.[4] (Becker Aff. Ex. A, at 12.). Accordingly, because "the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute," the venue restriction in the LTD Plan Document is "presumptively enforceable." Phillips, 494 F.3d at 383.

---

[3] Plaintiff's citation to John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distributors, Inc., 22 F.3d 51, 53 (2d Cir. 1994), and Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (2d Cir. 1987), is misplaced. (P. Mem. 11.) Those cases held that an agreement between the parties which provided that disputes "shall" come within the jurisdiction of a specified court — the "Greek courts" in John Boutari & Son, 22 F.3d at 53, and the "Orange County" courts in Hunt Wesson Foods, 817 F.2d at 77 — did not preclude the district court from exercising jurisdiction. The forum selection clause here, however, does not simply confer jurisdiction. Rather, its plain language *restricts* actions relating to the LTD Plan to a specific court.

[4] Plaintiff's state law tort and contract claims are also part of an "action in connection with the Plan" and are covered by the clause. For the same reason, they may well be preempted by ERISA. See Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 47 (1987) (noting that "common law causes of action asserted in [plaintiff's] complaint 'relate to' an employee benefit plan and therefore fall under ERISA's express pre-emption clause").

B.  Unreasonableness Inquiry

The presumption of validity may be overcome only if the party challenging the enforcement of the forum selection clause makes a prima facie showing that the clause is "unreasonable under the circumstances." M/S Bremen, 407 U.S. at 10 (internal quotation marks omitted); see New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG, 121 F.3d 24, 29 (2d Cir. 1997). In M/S Bremen v. Zapata Off-Shore Co., the Supreme Court instructed that a forum selection clause will be found "unreasonable" only when:

> (1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum state; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court.

Phillips, 494 F.3d at 392, citing Roby v. Corporation of Lloyd's, 996 F.2d 1353, 1363 (2d Cir. 1993), citing M/S Bremen, 407 U.S. at 10, 12-13, 15, 18. Although the party asserting the unreasonableness of a forum selection clause is "entitled to have the facts viewed in the light most favorable to it," New Moon Shipping, 121 F.3d at 29, that party nevertheless "bears a heavy burden" in seeking to avoid enforcement of the clause, id. at 32.

1.  Applicability of *M/S Bremen*

As a preliminary matter, plaintiff appears to challenge the applicability of M/S Bremen to this case. Specifically, plaintiff suggests that (1) defendants should have sought enforcement of the forum selection clause through a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), rather than a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), and (2) pursuant to § 1404(a), the Court should consider the clause as simply one

factor under that section's balancing analysis,[5] rather than applying M/S Bremen and granting presumptive validity to the forum selection clause. (P. Mem. 4-8.) Although the Second Circuit has noted that "there is no existing mechanism with which forum selection enforcement is a perfect fit," New Moon Shipping, 121 F.3d at 29, the Circuit has repeatedly enforced forum selection clauses through motions to dismiss for improper venue, see, e.g., Phillips, 494 F.3d at 384; Roby, 996 F.2d at 1363; see also Asoma Corp. v. SK Shipping Co., Ltd., 467 F.3d 817, 822 (2d Cir. 2006) (observing that Second Circuit has "refused to pigeon-hole" claims seeking enforcement of forum selection clauses "into a particular clause of Rule 12(b)"). In its recent decision in Phillips v. Audio Active Limited, moreover, the Second Circuit stated that "it is well established in this Circuit that the rule set out in M/S Bremen applies to the question of enforceability of an apparently governing forum selection clause." Phillips, 494 F.3d at 384.[6] Accordingly, M/S Bremen governs the enforceability of the forum selection clause in this case.[7]

---

[5] See, e.g., Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Red Bull Assocs. v. Best Western Intern., Inc., 862 F.2d 963, 967 (2d Cir. 1988); see also 14D C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3803, at 79.

[6] The defendants in Phillips, like defendants in this case, sought to enforce a forum selection clause through a Rule 12(b)(3) motion alleging improper venue. Phillips, 494 F.3d at 382. Although Phillips ruled that some of plaintiff's claims fell outside the scope of the forum selection clause, the court applied M/S Bremen in affirming the dismissal of plaintiff's breach of contract claim based on the venue restriction clause. See id. at 382 ("We agree with the district court's interpretation of the [forum selection] clause as mandatory and its holding that enforcement of the clause would not be unreasonable and affirm the dismissal of [plaintiff's] breach of contract claim.").

[7] It is unnecessary to reach plaintiff's contention that M/S Bremen does not apply to motions made pursuant to § 1404(a). Defendants here move to dismiss for improper venue. Phillips unequivocally holds that such a motion is appropriate and that the M/S Bremen standard applies to such motions.

2. Application of the *M/S Bremen* Factors

The first two M/S Bremen factors are not implicated in this case as plaintiff does not argue that she was fraudulently induced into agreeing to the forum selection clause, or that the law to be applied in the selected forum is fundamentally unfair. Plaintiff does assert, however, that enforcement of the forum selection clause would contravene the public policy underlying the venue provision of ERISA. (P. Mem. 14-16.) See 29 U.S.C. § 1132(e)(2) (permitting plaintiff to bring suit where ERISA plan is administered, where alleged breach took place, or where defendant resides or may be found). This Court disagrees.

The vast majority of district courts have enforced forum selection clauses in ERISA plans, including Xerox's LTD Plan. See Bernikow v. Xerox Corp. Long-Term Disability Income Plan, No. CV 06-2612, 2006 WL 2536590, at *2 (C.D. Cal. Aug. 29, 2006) (enforcing Xerox LTD Plan's forum selection clause and transferring case from Central District of California to Western District of New York); see also Cent. States, Southeast and Southwest Areas Pension Fund v. O'Brien & Nye Cartage Co., No. 06 C 4988, 2007 WL 625430, at *3 (N.D. Ill. Feb. 22, 2007); Schoemann ex rel. Schoemann v. Excellus Health Plan, 447 F. Supp. 2d 1000, 1007 (D. Minn. 2006); Rogal v. Skilstaf Inc., 446 F. Supp. 2d 334, 338 (E.D. Pa. 2006). Plaintiff's sole authority for her contrary position is a district court decision from the Eastern District of Texas, which cited language from ERISA's general policy provision, 29 U.S.C. § 1001, and its legislative history to conclude that ERISA's venue provision supersedes private venue restriction clauses. See Nicolas v. MCI Health and Welfare Plan No. 501, 453 F. Supp. 2d 972, 974 (E.D. Tex. 2006).

Although Nicolas correctly noted that Congress intended ERISA to "remove jurisdictional and procedural obstacles," id. at 974 (quoting H.R. Rep. No. 93-533 (1973), reprinted in U.S.C.C.A.N. 4639, 4655), and to provide beneficiaries with "ready access to the federal courts," id. (quoting 29 U.S.C. § 1001(b)), nothing in ERSIA's statutory text or legislative history evinces any intent by Congress to preclude private parties from limiting venue to one of the three forums permitted by the statute.  If Congress had wished to prevent parties from waiving ERISA's venue provision by private agreement, it could have done so through an express provision in the statute.

Second Circuit precedent, moreover, is inconsistent with the Nicolas analysis.  The Second Circuit has enforced an ERISA plan provision requiring mandatory arbitration and has noted that such a provision is merely a "specialized type of forum selection clause." Roby, 996 F.2d at 1363 n.2; see Bird v. Shearson Lehman/Am. Express, Inc., 926 F.2d 116, 117-22 (2d Cir. 1991) (compelling arbitration of ERISA claim and noting that "ERISA's text and legislative history do not support a conclusion that Congress intended to preclude arbitration of [ERISA] claims"); see also Chappel v. Laboratory Corp. of Am., 232 F.3d 719, 725 (9th Cir. 2000); Arnulfo P. Sulit, Inc. v. Dean Witter Reynolds, Inc., 847 F.2d 475, 478 (8th Cir. 1988).  In the absence of a clear directive from Congress, there is no reason to disturb the general presumption in favor of enforcing forum selection clauses, see Phillips, 494 F.3d at 390 (noting Supreme Court's "emphatic endorsement" of forum selection clauses), particularly since, unlike a mandatory arbitration clause, which wholly deprives parties of a federal judicial forum, a forum selection clause merely transfers the case from one federal court to another.

Enforcement of the forum selection clause in this case, moreover, actually furthers one of the purposes of ERISA by "bring[ing] a measure of uniformity in an area where decisions under the same set of facts may differ" as a result of geographic location. Bird, 926 F.2d at 122 (quoting H.R. Rep. No. 93-533 (1973), reprinted in 1974 U.S.C.C.A.N. 4639, 4650). The forum selection clause contained in Xerox's LTD Plan allows one federal court to oversee the administration of the LTD Plan and gain special familiarity with the LTD Plan Document, thereby furthering ERISA's goal of establishing a uniform administrative scheme. See Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 148 (2001) (acknowledging that "[o]ne of the principal goals of ERISA is to enable employers to establish a uniform administrative scheme, which provides a set of standard procedures to guide processing of claims and disbursement of benefits" (internal quotation marks omitted)).

Accordingly, enforcement of the forum selection clause in this case does not conflict with the venue provision of ERISA.

Plaintiff's final contention is that enforcement of the forum selection clause would effectively deprive her of her day in court. (P. Mem. 9-10.) Plaintiff has submitted an affidavit explaining that she suffers from chronic fatigue syndrome and fibromyalgia and recently underwent surgery for thyroid cancer. (P. Aff. ¶ 3.) According to plaintiff, her medical condition precludes her from participating in court proceedings in the Western District of New York because she will be "exhausted and incapacitated" and "too debilitated after travel to even attend court." (Id. ¶¶ 2-4.) A letter from plaintiff's physician, Dr. Stanley R. Yancovitz, corroborates plaintiff's claims and concludes that "it is prohibitive for [plaintiff] to travel anywhere other than the county in which she resides." (Id. Ex. A.)

9

The Court is sympathetic to plaintiff's debilitating physical condition and accepts her representation and that of her physician that she will be unable to participate actively in trial proceedings in the Western District of New York. However, plaintiff has not demonstrated that a trial in the Western District of New York will be necessary, or even likely, in this case. The crux of plaintiff's complaint is that her disability benefits were wrongly terminated by the claims administrator employed by defendants. Because Xerox's LTD Plan appears to grant the plan administrator "discretionary authority to construe the terms of the Plan and determine eligibility for benefits" (Becker Aff. Ex. A, at 11), judicial review of the claim decision is likely limited to determining whether the decision was "arbitrary and capricious" or "an abuse of discretion." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). A district court's review under this deferential standard "is limited to the administrative record" that was available to the claims administrator at the time of his decision. Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995).[8] Because the administrative record in this case has long since been created, it is unlikely that plaintiff or her treating physicians will ever testify in court. See Schoemann, 447 F. Supp. 2d at 1005.[9] In the improbable event that a trial becomes necessary, moreover, plaintiff is not without remedy, as she may move pursuant to 28 U.S.C. § 1404(a) to transfer the case back

---

[8] Even under a de novo standard of review — for instance, where a plan does not confer discretionary authority on the administrator, and the court need not defer — a court ordinarily will review only the record that had been available to the claims administrator, absent "good cause" to consider additional evidence. Krizek v. Cigna Group Ins., 345 F.3d 91, 98 (2d Cir. 2003); Muller v. First Unum Life Ins. Co., 341 F.3d 119, 125 (2d Cir. 2003).

[9] Although plaintiff has also pled non-ERSIA claims, her state law tort and contract claims are likely preempted by ERISA, see supra note 4, and, in any event, she has failed to make a prima facie showing that a trial will be necessary with respect to those claims.

to the Southern District of New York.  See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").  Accordingly, the Court finds that enforcement of the forum selection clause at this stage of the litigation will not effectively deprive plaintiff of her day in court.

      In sum, the Court concludes that plaintiff has not made a prima facie showing that the forum selection clause in the LTD Plan is unreasonable under M/S Bremen.  The clause will therefore be enforced.  The only remaining issue is whether the Court should dismiss the complaint or transfer the case to the Western District of New York.  See 28 U.S.C. § 1406(a) (authorizing district court to dismiss or, "in the interest of justice," to transfer case "to any district or division in which it could have been brought"); Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 435 (2d Cir. 2005) (noting that "[c]ourts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice").  Given that plaintiff originally filed her complaint in New York state court in January 2007, and that the operative events giving rise to this litigation occurred in 2005, the Court concludes that it is in the interest of justice to transfer the case to the Western District of New York to facilitate expeditious consideration of plaintiff's claims.

## CONCLUSION

For the foregoing reasons, defendants' motion to transfer is GRANTED. The Clerk of Court is respectfully directed to send a certified copy of this Order and any original documents filed in this action to the Clerk of Court for the Western District of New York.

SO ORDERED.

Dated: New York, New York
 October 22, 2007

*/s/ Gerard E. Lynch*
GERARD E. LYNCH
United States District Judge